UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARY COURTNEY, JR., #253078

    Plaintiff,                                        Case No. 1:07-cv-1130

v                                                      HON. JANET T. NEFF

DAVID J. BURNETT et al.,

    Defendants.
_____/


**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On May 4, 2009, Plaintiff filed a motion for preliminary injunction regarding his dining hall seating at Parnall Correctional Facility (Dkt 135). Defendants have filed two motions for summary judgment (Dkts 36, 104) on the grounds of Eleventh Amendment immunity, qualified immunity, and that Plaintiff failed to state a claim upon which relief could be granted. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (Dkt 143), recommending that Plaintiff's motion for a preliminary injunction be denied, that this Court grant Defendants' motions for summary judgment on all of plaintiff's federal claims, and that this Court decline to exercise supplemental jurisdiction over Plaintiff's purported state-law clams.

The matter is presently before the Court on Plaintiff's objections[1] to the Report and Recommendation (Dkts 148, 149). Plaintiff enumerates three objections to the Report and

---

[1]Plaintiff's objections are framed as a "Motion to Strike."

Recommendation (Dkt 149 at 2). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

First, Plaintiff argues that the Magistrate Judge erred in listing the offense for which Plaintiff is serving a prison sentence (Dkt 143 at 5). Plaintiff argues that this information is "immaterial, impertinent and scandalous and is nothing more than an attempt to invoke disfavor against the Plaintiff" (Dkt 149 at 4). Plaintiff's argument is without merit. The argument does not demonstrate any error in the analysis of the Magistrate Judge. Furthermore, the reference to Plaintiff's conviction is relevant as factual background for the instant prisoner civil rights lawsuit. The Court therefore denies Plaintiff's objection.

Second, Plaintiff objects to the Magistrate Judge's use of Westlaw (WL) citations in the Report and Recommendation (Dkt 149 at 4). Plaintiff argues that he was prejudiced because he has no access to computers, is not a Westlaw subscriber, and the Magistrate Judge "did not include a copy of the cited case law referenced by WL" (Dkt 149 at 4). Plaintiff requests that "all Westlaw cites should be stricken from the Report and Recommendation" (Dkt 149 at 4). This objection does not address any flaw in the Magistrate Judge's analysis. Therefore, Plaintiff's argument is misplaced. Moreover, the case law citations are referenced by other identifying information for the cases.

Assuming, *arguendo*, that Plaintiff's objection did address a substantive error in the Magistrate's analysis, the objection is without merit. The *Lewis* Court noted that prisoners do not have a freestanding right to a law library, or trained legal assistance, and therefore "cannot establish

relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Plaintiff must first show that the available legal resources, taken as a whole, were inadequate to meet his need to conduct legal research and further prove that his legal status was harmed by a deprivation of legal materials. *See Lewis*, 518 U.S. at 351 (citing *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Here, the Magistrate Judge uses approximately ten "WL" citations, some of which are found in long string cites, throughout the entire 32-page Report and Recommendation (Dkt 143). Plaintiff does not demonstrate how the inability to access Westlaw to review these ten citations, in conjunction with Plaintiff's access to the other legal resources at his disposal, harmed his legal status. Therefore, Plaintiff's objection is denied.

Third, Plaintiff objects to the Magistrate Judge's "many non-Sixth Circuit case cites that are not controlling in the Sixth Circuit" (Dkt 149 at 5). As above, Plaintiff's objection does not demonstrate any error in the Magistrate Judge's analysis and conclusion. The Court therefore denies Plaintiff's objection.

For these reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). A Judgment will be entered consistent with this Opinion and Order.
Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 148) are DENIED and the Report and Recommendation (Dkt 143) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (Dkts 36, 104) are GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: February 10, 2010  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge